[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT AND REQUEST FOR ADDITUR
On September 23, 1992 the jury returned a Plaintiff's Verdict as follows:
PLAINTIFF'S VERDICT
"The Jury assesses the relative negligence of the various participants (totaling 100%), as follows:
 1) Percentage of negligence of Plaintiff (C. Jones) 50%
 2) Percentage of negligence of Defendant (S. Morrison) 50%
In this case, the Jury finds the issues in favor of the Plaintiff, Christopher Jones and therefore finds that the proper amount of damages for said Plaintiff to recover as follows:
0. dollars past economic damages
0. dollars past noneconomic damages
0. dollars future economic damages
0. dollars future noneconomic damages CT Page 9244
(The Court will make the deductions for any contributory negligence)."
The case involved the plaintiff making a left turn into his driveway, with the defendant's car striking the plaintiff's car on the right rear door, and with the defendant's car ending up on the sidewalk.
The jury found that both parties were equally at fault and rendered a Plaintiff's verdict, but awarded no damages to the plaintiff.
In the court's instructions to the jury it was made clear that if the plaintiff was more than 50% contributory negligent, he could not recover, but if his contributory negligence was 50% or less, he would recover a proportionately lesser amount.
While the extent of the plaintiff's injuries was hotly contested, the plaintiff's doctor testified that the plaintiff suffered a 10% permanent partial disability of the cervical spine. The plaintiff's life expectancy was 44.4 years. His medical expenses were $2,951.47. A Minimum award would be $5,951.47.
The Jury's verdict was a Plaintiff's verdict, not a Defendant's Verdict. Accordingly the court's conscience requires that 50% of the Minimum verdict must be ordered by way of Additur.
Accordingly, the verdict is set aside, and a new trial is ordered, unless the defendant within two weeks from the date hereof stipulates that judgment may enter for the plaintiff in the amount of $2,975.73.
Wright, J. State Trial Referee